IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **REYANNA SANCHEZ, individually and on behalf of similarly situated individuals** § § § § | | |
| **Plaintiff** § § § | | |
| v. § § | CIVIL ACTION NO. 2:22-cv-46 | |
| **BWW RESOURCES, LLC A/K/A BUFFALO WILD WINGS and INSPIRE BRANDS, INC.** § § § § § | | |
| **Defendants.** § | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2. The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 US.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of wages, the amount that an employee receives in tips. *Id.* An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of Section 3(m) of the FLSA. That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the employee (2) the amount by which the wages of the employee are increased on account of the tip credit (3) that all tips received by the employee

1

must be retained by the employee except for tips contributed to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice. Furthermore, it is illegal for employers to require servers to share tips with ineligible employees such as kitchen staff, management, and the employer itself. The Fifth Circuit Court of Appeals affirmed a jury verdict and judgment in favor of waitstaff when Chili's Restaurant required waitstaff to share their tips with ineligible employees. *See Roussell* v. *Brinker Inti. Inc.* 2011 WL 4067171 (5th Cir. Sept. 14, 2011). The illegal tip-sharing, in this case, stems from illegal charges assessed to tipped employees for committing various mistakes or having a cash drawer short on money.

3. BWW Resources, LLC A/K/A Buffalo Wild Wings and Inspire Brands Inc. (collectively "Defendants) violated the FLSA by not paying Tipped Employees at least $2.13 an hour, not correctly informing Tipped Employees of the utilization of tip credit and requiring that their Tipped Employees give the company their tips in order to repay the company for (a) any shortages in payment left by a customer, and (b) customer walkouts. As a result, Defendants lose their right to rely on the tip credit and must compensate Plaintiff at the full minimum wage rate.

4. Defendants also violated the FLSA by failing to pay time and one-half of the regular rate when Tipped Employees worked over 40 hours in a week.

5. Tipped Employees were at all times non-exempt employees under the Fair Labor Standards Act.

6. Defendants knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act.

7. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff ReyAnna Angelica Sanchez ("Sanchez or "Plaintiff") is an individual residing in Nueces County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

11. Sanchez brings this action on behalf of similarly situated individuals who were employed by Defendants as "Tipped Employees" at all Buffalo Wild Wings locations at any time from the three-year period before this lawsuit until the present.

12. Defendant BWW Resources, LLC A/K/A Buffalo Wild Wings ("BWW Resources") may be served through its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 or wherever else they may be found. BWW Resources is a business in the State of Texas and is doing so for the purpose of accumulating monetary profit. BWW Resources is the entity that is listed on Plaintiff's paychecks.

13. Inspire Brands Inc. may be served through its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company at 251 Little Falls Dr. Wilmington, DE 19808 or wherever else they may be found. Internal records list Plaintiff's managers and supervisors as part of the Inspired Brands organization. Inspired brand provided email addresses for Plaintiff's managers and supervisors. Inspire Brands is the parent company of BWW

3

Resources, LLC. Inspire Brands utilized an employee management application Workday, which, among other things, provided Plaintiff and Tipped Employees access to copies of their pay stubs from BWW Resources and lists Inspire Brands as the supervisory organization of the location Plaintiff and Tipped Employees were employed.

14. BWW Resources employed Plaintiff and Tipped Employees. BWW Resources, LLC and Inspire Brands Inc. are part of enterprises engaged in commerce and are subject to the FLSA.

15. BWW Resources, LLC and Inspire Brands Inc., employed and/or jointly employed Plaintiff and the Hourly Workers.

16. BWW Resources, LLC and Inspire Brands Inc., are joint employers for purposes of the FLSA. See 29 C.F.R. § 791.2.

## FLSA COVERAGE

17. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Furthermore, Defendants have had and continues to have, an annual gross business volume in excess of the statutory standard.

20. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

21. Defendants operate at least seven (7) Buffalo Wild Wings Restaurants in southern Texas that they refer to as the Rio Grande Valley District.

22. Based on reasonable belief, during the relevant period, Defendant Inspire Brands Inc. had the power to hire Plaintiff and other employees similarly situated.

23. During the relevant period Defendant Inspire Brands Inc. had the power to fire Plaintiff and other employees similarly situated.

24. Based on reasonable belief, during the relevant period, Defendant Inspire Brands Inc. supervised and controlled the work schedules of Plaintiff and other employees similarly situated.

25. Based on reasonable belief, during the relevant period, Defendant Inspire supervised and controlled the conditions of employment of Plaintiff and other employees similarly situated.

26. Based on reasonable belief, during the relevant period, Defendant Inspire Brands Inc. determined the rate and method of payment of Plaintiff and other employees similarly situated.

27. Based on reasonable belief, during the relevant period, Defendant Inspire Brands Inc. maintained the employment records of Plaintiff and other employees similarly situated.

28. Based on reasonable belief, during the relevant period, Defendant Inspire Brands Inc. controlled the design and color of the shirt that Plaintiff and other employees similarly situated wore.

29. During the relevant period Defendant BWW Resources, LLC had the power to hire Plaintiff and other employees similarly situated.

30. During the relevant period Defendant BWW Resources, LLC had the power to fire Plaintiff and other employees similarly situated.

31. During the relevant period Defendant BWW Resources, LLC supervised and controlled the work schedules of Plaintiff and other employees similarly situated.

32. During the relevant period Defendant BWW Resources, LLC supervised and controlled the conditions of employment of Plaintiff and other employees similarly situated.

33. During the relevant period Defendant BWW Resources, LLC determined the rate and method of payment of Plaintiff and other employees similarly situated.

34. During the relevant period Defendant BWW Resources, LLC maintained the employment records of Plaintiff and other employees similarly situated

35. On internal company records, Paul Brown of Inspire Brands is listed as Plaintiff's top supervisory manager.

36. Plaintiff worked at the Buffalo Wild Wings location at 2001 S Padre Island Dr. Corpus Christi, TX 78416.

37. Defendants employed bartenders and waiters (collectively "Tipped Employees"). The job duties for the bartenders and waiters included taking orders, serving drinks and/or meals to customers.

38. Plaintiff worked for Defendants as a server from on or about January 18, 2021, to April 4, 2021, and has currently worked for Defendants as a server from on or about October 26, 2021, to present.

39. Based on reasonable belief Defendants regularly did not pay Plaintiff or Tipped Employees an hourly wage during the last 3 years.

40. During the last 3 years, there were weeks where Defendants did not pay Tipped Employees a direct hourly wage of $2.13 an hour.

41. Defendants require Tipped Employees to work only on tips.

42. By paying Plaintiff and Tipped Employees less than the minimum wage per hour, Defendants are taking advantage of a tip credit which allows Defendants to include in its calculation of wages a portion of the amounts that Plaintiff received as tips.

43. Defendants violated the FLSA when it failed to notify each Tipped Employee about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Plaintiff and Tipped Workers were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were.

44. Defendants would require Plaintiff and Tipped Employees to pay the remaining balance for customer checks when customers walked out without paying or without paying the full amount.

45. When customers left tips for to-go orders, Defendants kept the money and did not distribute the money to Plaintiff or Tipped Employees on duty.

46. On information and belief, Defendants kept the mandatory tip-outs from the waitstaff intended for the bartenders on their shift. When Plaintiff worked as a bartender, Defendants did not give her any of the tip-out from the waitstaff.

47. Because Defendants violated the FLSA's tip credit notification and tip pool requirements, Defendants lose the right to take a credit toward its minimum wage obligations.

48. As such, Plaintiff and Tipped Employees were not compensated at the federally mandated minimum wage.

**Minimum Wage Violation**

49. Furthermore, Defendants' practice of failing to pay pursuant to 29 U.S.C. § 203(m) and requiring its s to give it their tips to repay for various mistakes and drawer shortages violates the FLSA's minimum wage provision. *See 29* U.S.C. §§ 203, 206.

50. Defendants failed to pay Tipped Employees two dollars and thirteen cents ($2.13) per hour.

51. Based on reasonable belief, for one week or more during the last 3 years, Defendants paid Tipped Employees on tips alone.

52. Defendants paid this wage rate, based on the assumption that Defendants could take a credit for the remaining minimum wage, for the tips received by Tipped Employees.

53. However, Defendants did not inform Tipped Employees of the legal requirements for a valid tip credit under 29 U.S.C. 203(m) and therefore are not entitled to claim a tip credit.

54. Plaintiff and Tipped Employees had to pay for all customer walkouts.

55. Therefore, Defendants are not entitled to a credit against the minimum wage for tips received, because Tipped Employees did not retain all of their tips.

56. Defendants' tip-pooling arrangement deprives Plaintiff and Tipped Employees of the right to claim a tip credit.

57. During the time that Defendants employed Tipped Employees, the legal minimum wage was $7.25 per hour.

58. Defendants failed to pay Tipped Employees $7.25 per hour and therefore failed to pay the minimum wage.

**Overtime Violations**

59. Defendants required and/or permitted Plaintiff to work as a Tipped Employee at its restaurant in excess of forty (40) hours per week but refused to compensate her at the applicable overtime rates. Therefore, Plaintiff and Tipped Employees are entitled to tips Defendants misappropriated.

60. Furthermore, although Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, she was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

61. Based on reasonable belief, Defendants edited the time records in order to reduce or eliminate overtime pay for Plaintiff and Tipped Employees.

62. Defendants know or should have known that its policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice regarding its. Defendants' method of paying Plaintiff in violation of the FLSA was not based on good faith and reasonable belief that its conduct complied with the FLSA.

## FIRST CAUSE OF ACTION - FLSA MINIMUM WAGE VIOLATION

63. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

64. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

65. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

## SECOND CAUSE OF ACTION - FLSA OVERTIME VIOLATION

66. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

67. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

68. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

69. Plaintiff has actual knowledge that Tipped Employees have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. Specifically, Plaintiff worked with other Tipped Employees at Defendants' restaurant.

70. Other Tipped Employees similarly situated to the Plaintiff work or have worked for Defendants' restaurant but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

71. In the past 3 years Defendants regularly did not pay Tipped Employees an hourly rate of at least $2.13 an hour and required them to work for tips alone.

72. Defendants took a tip credit against its minimum wage obligations for Plaintiff and Tipped Employees. Finally, Defendants failed to notify Plaintiff and Tipped Employees regarding the tip credit as required by the FLSA.

73. Defendants deducted from the Plaintiff's and Tipped Employees' tips when customers failed to pay the bill in full or walk out on the bill.

74. Although Defendants permitted and/or required Tipped Employees to work in excess of forty hours per workweek, Defendants has denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

75. Tipped Employees perform or have performed the same or similar work as the Plaintiff.

76. Tipped Employees regularly work or have worked in excess of forty hours during a workweek.

77. Tipped Employees are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

78. As such, Tipped Employees are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

79. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Tipped Employees.

80. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of Tipped Employees.

81. The specific job titles or precise job responsibilities of each Tipped Employees does not prevent collective treatment.

82. All Tipped Employees, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

83. All Tipped Employees, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

84. Although the exact amount of damages may vary among Tipped Employees, the damages for Tipped Employees can be easily calculated by a simple formula. The claims of all Tipped Employees arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Tipped Employees.

85. Due to the inherent nature of Defendants' tip credit and tip pool policies, all of Defendants' employees subject to a tip credit are similarly situated with respect to the violation.

86. As such, Tipped Employees of similarly situated Plaintiff is properly defined as follows:

All current and former bartender and waitstaff employed by BWW Resources, LLC and Inspire Brands Inc. at Buffalo Wild Wings located at 2001 S Padre Island Dr, Corpus Christi, TX 78416 at any time three years prior to the filing of this lawsuit to the present.

## DAMAGES SOUGHT

87. Plaintiff and Tipped Employees are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

88. Additionally, Plaintiff and Tipped Employees are entitled to recover their unpaid overtime compensation.

89. Plaintiff and Tipped Employees are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

90. Plaintiff and Tipped Employees are entitled to their misappropriated tips.

91. Plaintiff and Tipped Employees are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER

92. For these reasons, Plaintiff and Tipped Employees respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. All unpaid wages at the FLSA mandated minimum wage rate;

    c. An equal amount as liquidated damages as allowed under the FLSA;

    d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

    e. All misappropriated tips; and

    f. Such other relief to which Plaintiff and Tipped Employees may be entitled, at law or in equity.

Respectfully submitted,

TRAN LAW FIRM

*/s/Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
Phone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and On Behalf of All Others Similarly Situated**